The Smyrna Building Loan Association *v.* Joseph E. Worden and Alice E. Worden.

The defendant in a *scire facias* on a mortgage became the purchaser of the premises at the sale, but failed to comply at the return of the writ, and the day before the sale of them on the *alias sci. fa.* leased them to his mother for a year and was paid the whole rent in advance; the plaintiff in the writ then became the purchaser of them without any notice or knowledge of the lease. It was held to be a fraudulent artifice that would not prevent the issuing of a writ at the return term to put the purchaser in possession of the premises.

Rule to show cause wherefore a writ of *habere facias possessionem* should not issue granted on the petition and affidavit of the plaintiff in the rule, which stated that by virtue of a writ of *alias levari facias*, No. 59, to this term of the court, the sheriff of the county had sold on the 17th day of January last at public sale, all that certain lot, piece, and parcel of land situate on Commerce Street, in the town of Smyrna, etc., containing forty-four thousand nine hundred and fifty-five square feet of ground, with a bucket factory and saw-mill erected thereon; that at the said sale the plaintiff became the purchaser thereof at the sum of seventeen hundred dollars, and that the sheriff had duly returned said writ to this term of the court, express reference being therein made to the same and the return thereof and to the mortgage and the prior proceedings had thereon in

this court. And further, that the said Joseph E. Worden is unwilling to surrender the possession of the said premises, and alleges that he has leased the same to his mother, Alice E. Worden, for the term of one year commencing on the 1st day of March, 1879, and which alleged term commenced after the day of said sheriff's sale and after the title of the purchaser accrued under it. Wherefore the rule was laid prayed for in the case.

*R. Harrington*, for the defendants in the rule, showed cause and contended that the only question involved in the consideration of it was whether the lease had been made and accepted in good faith by the parties to it, and without any intent to defeat or delay the delivery of the premises to the purchaser on the return of the sale and the confirmation of it by the court.

*Massey*, for the plaintiff in the rule, contended that it was made with that intent, was characterized by bad faith, and was consequently fraudulent and void. *Baker* v. *Burton and Hickman*, 3 *Houst.* 10. The testimony on the hearing of the rule was that the lease was executed and bore date on the 14th day of November, 1878, that the rent reserved was four hundred dollars, and that the whole amount of it was paid in advance on that day by the lessee to the lessor, of which the plaintiff, who was the purchaser, had no notice or knowledge at the time of the sale.

*The Court:* At the preceding sale of the premises by the sheriff returned at the last term of the court, Worden himself became the purchaser of them, but he failed to comply, and on the eve of the second sale he made the lease of them in question to his mother for one year, the whole rent then being paid to him in advance by her, the object of which must have been, like his former conduct by which he rendered nugatory the first sheriff's sale, anything but just or fair toward his creditors; but to make it still more reprehensible, unjust, and fraudulent in its character and design, to evade and defeat the ends of justice in the due course of the administration of it by law, and the final process of this court, it was done at that late moment

for the purpose apparently of preventing the plaintiff or any other person learning of its existence until after the day of the second sale, for it is in proof that the plaintiff, who then became the purchaser of the premises, had no notice or knowledge whatever of the lease on the day of the sale. And as it is mill property, combined with a bucket factory, of which the mother, the lessee, has no possession which it would subject her to any personal inconvenience to be removed from, we make the rule absolute.